**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STATE OF CONNECTICUT,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES; THE DEPARTMENT OF THE INTERIOR; DOUG BURGUM, SECRETARY OF THE INTERIOR; WILLIAM HENRY KIRKLAND III, ASSISTANT SECRETARY – INDIAN AFFAIRS; THE BUREAU OF INDIAN AFFAIRS; BRIAN MERCIER, DIRECTOR OF THE BUREAU OF INDIAN AFFAIRS; THE OFFICE OF FEDERAL ACKNOWLEDGMENT; NIKKI BASS, DIRECTOR OF THE OFFICE OF FEDERAL ACKNOWLEDGMENT,<br><br>*Defendants*. | No. 3:26-cv-00784-VDO<br><br>September 2, 2026 |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants the United States; the Department of the Interior; Doug Burgum, Secretary of the Interior; William Henry Kirkland III, Assistant Secretary – Indian Affairs; the Bureau of Indian Affairs; Brian Mercier, Director of the Bureau of Indian Affairs; the Office of Federal Acknowledgment; and Nikki Bass, Director of the Office of Federal Acknowledgment, in their respective official capacities (collectively, Defendants), state the following in response to Plaintiff State of Connecticut's (Plaintiff) Complaint for Declaratory and Injunctive Relief (Complaint) (Dkt. No. 1). The Defendants deny any and all allegations in Plaintiff's Complaint, whether express or implied, that are not expressly and specifically admitted, denied, or qualified here, and the United States specifically denies any violation of law. Responses in the numbered paragraphs

of this Answer correspond to the allegations in the corresponding numbered paragraphs and sections of the Complaint. The topic headings used below are duplicated from the Complaint and are inserted for ease of reference. Use of these topic headings below does not constitute an admission or acknowledgment by the Defendants of the headings' relevance or accuracy.

## Introduction

1. The allegations in the first sentence of Paragraph 1 consist of Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the first sentence of Paragraph 1 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the remaining sentences of Paragraph 1 consist of conclusions of law and a request for relief to which no response is required. To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## Parties

2. Defendants admit that Plaintiff is a state that has sovereignty subject to the supremacy of the federal government. Defendants lack information sufficient to formulate a response to the remaining allegations in Paragraph 2 and on that basis, deny the allegations.

3. Defendants admit the allegations contained in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

5. Defendants admit the allegations contained in the first, second, third, and fifth sentences of Paragraph 5. The allegations in the fourth sentence of Paragraph 5 consist of legal argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. Defendants admit the allegations contained in the first and fourth sentences of Paragraph 6. The allegations set forth in the second and third sentences of Paragraph 6 consist of legal argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

7. Defendants admit the allegations contained in Paragraph 7.

8. Defendants admit the allegations contained in Paragraph 8.

9. Defendants admit the allegations contained in the first and second sentences of Paragraph 9. The allegation in the third sentence of Paragraph 9 consists of Plaintiff's argument and legal conclusions to which no response is required, and Plaintiff's characterization of the Final Rule published at 90 Fed. Reg. 3627 (Jan. 15, 2025) ("Final Rule"), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterization is inconsistent with the Final Rule, Defendants deny the allegations.

10. Defendants admit the allegations contained in the first and third sentence of Paragraph 10. The allegation in the second sentence of Paragraph 10 consists of Plaintiff's argument and legal conclusions which requires no response, and Plaintiff's characterization of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants deny the allegation.

**Jurisdiction and Venue**

11. The allegations in Paragraph 11 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. The allegations in Paragraph 12 consist of Plaintiff's characterizations of this action and its pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. The allegations in Paragraph 13 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

14. The allegations in the first sentence of Paragraph 14 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that they do not challenge venue. The allegations in the second sentence of Paragraph 14 consist of Plaintiff's characterizations of this action and its pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

15. The allegations in Paragraph 15 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

16. The allegations in Paragraph 16 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants admit that they do not challenge personal jurisdiction.

## Allegations

### I. The petitioning process, the prior final administrative and judicial decision denying federal acknowledgment, and the pending request to re-petition.

17. The allegations in Paragraph 17 characterize the preamble to the 2022 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with 25 C.F.R. Part 83, Defendants deny the allegations.

18. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 18 and deny the allegations on that basis.

19. The allegations in Paragraph 19 purport to characterize the federal acknowledgment process set forth in 25 C.F.R. Part 83, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with 25 C.F.R. Part 83, Defendants deny the allegations.

20. The allegations in Paragraph 20 purport to characterize the federal acknowledgment process set forth in 25 C.F.R. Part 83, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with 25 C.F.R. Part 83, Defendants deny the allegations.

21. The allegations in Paragraph 21 purport to characterize the federal acknowledgment process set forth in 25 C.F.R. Part 83, which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants admit that OFA is staffed by historians, anthropologists, and genealogists, but denies that OFA is staffed by legal analysts. Defendants also admit that during the federal acknowledgment process, petitioners have technical assistance from Defendants, including OFA. As to the remaining allegations in Paragraph 21, to the extent Plaintiff's characterizations are inconsistent with 25 C.F.R. Part 83, Defendants deny the allegations.

22. Defendants admit that the administrative process for an acknowledgment petition has in some instances extended over a decade. Defendants deny the remaining allegations in Paragraph 22.

23. Defendants lack information sufficient to formulate a response to the allegation in Paragraph 23 and deny the allegation on that basis.

24. The allegations in Paragraph 24 purport to characterize the federal acknowledgment process set forth in 25 C.F.R. Part 83, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with 25 C.F.R. Part 83, Defendants deny the allegations.

25. The allegations in Paragraph 25 consist of Plaintiff's characterizations of the Second Notice of Proposed Rulemaking published at 89 Fed. Reg. 57097 on July 12, 2024 ("2024

Proposed Rule"), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2024 Proposed Rule, Defendants deny the allegations.

26. Defendants admit the allegations contained in Paragraph 26.

27. Defendants admit the allegations contained in Paragraph 27.

28. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 28 and deny the allegations on that basis.

29. Defendants lack sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 29 and deny the allegations on that basis.

30. Defendants admit that the Eastern Pequot Indians of Connecticut ("Eastern Pequot"), Golden Hill Paugussett ("GHP"), the Paucatuck Eastern Pequot Indians of Connecticut ("Paucatuck Eastern Pequot"), and the Schaghticoke Tribal Nation ("STN") are located in Connecticut, and were previously denied federal acknowledgement. Defendants deny the remaining allegations in Paragraph 30.

31. The allegations in Paragraph 31 consist of Plaintiff's characterizations of the Eastern Pequot's petition and Reconsidered Final Determination Denying Federal Acknowledgment to the Eastern Pequot Indians of Connecticut and the Paucatuck Eastern Pequot Indians of Connecticut, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the petition and final determination, Defendants deny the allegations.

32. The allegations in Paragraph 32 consist of Plaintiff's characterizations of the Eastern Pequot's petition and Reconsidered Final Determination Denying Federal Acknowledgment to the Eastern Pequot Indians of Connecticut and the Paucatuck Eastern Pequot

Indians of Connecticut, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny the allegations.

33. Defendants admit that an entity identifying itself as the Historic Eastern Pequot Tribe sought reconsideration. The remaining allegations in Paragraph 33 consist of Plaintiff's characterizations of the United States District Court for the District of Columbia's decision in *Historic E. Pequots v. Salazar*, 934 F. Supp. 2d 272 (D.D.C. 2013), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the *Historic E. Pequots v. Salazar* decision, Defendants deny the allegations.

34. The allegations in Paragraph 34 consist of Plaintiff's characterizations of the United States District Court for the District of Columbia's decision in *Historic E. Pequots v. Office of Fed. Acknowledgment,* No. 23-54, 2023 U.S. Dist. LEXIS 195610, at *1 (D.D.C. Nov. 1, 2023), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the *Historic E. Pequots v. Office of Fed. Acknowledgment* decision, Defendants deny the allegations.

35. The allegations in Paragraph 35 consist of Plaintiff's characterization of GHP's letter of intent to petition, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterization is inconsistent with the letter of petition, Defendants deny the allegations.

36. Defendants lack information sufficient to formulate a response to the allegations contained in the first sentence of Paragraph 36 and deny the allegations on that basis. The allegations in the second sentence of Paragraph 36 consist of Plaintiff's characterizations of the United States District Court for the District of Connecticut's decision in *Golden Hill Paugussett Tribe of Indians v. Rell,* 463 F. Supp. 2d 192, 193-94 (D. Conn. 2006), which speaks for itself and

is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

37. The allegations in Paragraph 37 consist of Plaintiff's characterizations of the United States District Court for the District of Connecticut's decision in *Golden Hill Paugussett Tribe of Indians v. Weicker,* 839 F. Supp. 130, 132-39 (D. Conn. 1993), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

38. The allegations in Paragraph 38 consist of Plaintiff's characterizations of the United States Court of Appeals for the Second Circuit's decision in *Golden Hill Paugussett Tribe of Indians v. Weicker,* 39 F.3d 51, 56-61 (2d Cir. 1994), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

39. Defendants admit that the Department administratively denied GHP's petition. The remaining allegations in Paragraph 39 consist of Plaintiff's characterizations of the Department's denial of the GHP's petition, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the denial, Defendants deny the allegations.

40. The allegations in Paragraph 40 consist of Plaintiff's characterizations of pleadings filed in *Golden Hill Paugussett Tribe of Indians*, 463 F. Supp. 2d at 193-94, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the unidentified decision, Defendants deny the allegations.

41. The allegations in Paragraph 41 consist of Plaintiff's characterizations of the United States District Court for the District of Connecticut's decision in *Golden Hill Paugussett Tribe of*

*Indians*, 463 F. Supp. 2d at 193-94, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

42. The allegation in Paragraph 42 consists of Plaintiff's characterizations of the procedural history of the United States District Court for the District of Connecticut's decision in *Golden Hill Paugussett Tribe of Indians*, 463 F. Supp. 2d at 193-94, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the procedural history of the case, Defendants deny the allegation.

43. The allegations in Paragraph 43 consist of Plaintiff's characterization of STN's legal filing, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterization is inconsistent with the legal filing, Defendants deny the allegations.

44. The allegation in Paragraph 44 consists of Plaintiff's characterizations of the Nonintercourse Act, which speaks for itself and is the best evidence of its contents. The allegations in Paragraph 44 are also Plaintiff's argument and legal conclusions to which no response is required. To the extent and response is required, and to the extent Plaintiff's characterizations are inconsistent with the Nonintercourse Act, Defendants deny the allegation.

45. The allegations in Paragraph 45 consist of Plaintiff's characterizations of the STN's letter of intent, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

46. The allegations in Paragraph 46 consist of Plaintiff's characterizations of STN's Petition for Acknowledgment, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Petition for Acknowledgment, Defendants deny the allegations.

47. The allegations in Paragraph 47 consist of characterizations of unidentified documents and a computer disc submitted by STN in support of its petition, which speak for themselves and are the best evidence of their contents. To the extent a response is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 consist of Plaintiff's characterizations of the Reconsidered Final Determination Denying Federal Acknowledgment, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Reconsidered Final Determination Denying Federal Acknowledgment, Defendants deny the allegations.

49. Defendants admit to providing technical assistance to STN during the administrative process. Defendants deny the remaining allegations in Paragraph 49.

50. The allegations in Paragraph 50 consist of Plaintiff's characterizations of STN's legal filings, which speaks for themselves and are the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with those filings, Defendants deny the allegations.

51. The allegations in Paragraph 51 contain Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants admit that APA appeals are normally limited to the administrative record before the agency at the time of the administrative decision. The allegations in Paragraph 51 also characterize a District Court's legal proceedings, which speak for themselves and are the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the legal proceedings it characterizes, Defendants deny the allegations.

52. Defendants lack information sufficient to respond to the allegations contained in Paragraph 52 and deny the allegations on that basis.

53. The allegations in Paragraph 53 consist of Plaintiff's characterizations of the United States District Court for the District of Connecticut's decision in *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389, 414 (D. Conn. 2008), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

54. The allegations in Paragraph 54 consist of Plaintiff's characterization of legal proceedings, which speaks for themselves and are the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the filing, Defendants deny the allegations.

55. The allegations in Paragraph 55 consist of Plaintiff's characterizations of the Second Circuit Court of Appeals' decision in *Schaghticoke Tribal Nation v. Kempthorne*, 587 F.3d 132, 135 (2d Cir. 2009), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

56. The allegations in Paragraph 56 consist of Plaintiff's characterization of a legal proceeding, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the petition, Defendants deny the allegations.

57. The allegations in Paragraph 57 consist of Plaintiff's characterization of the Supreme Court's denial of certiorari in *Schaghticoke Tribal Nation v. Salazar*, 562 U.S. 947 (2010), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Supreme Court's denial of certiorari, Defendants deny the allegations.

58. The allegations in Paragraph 58 consist of Plaintiff's characterization of legal proceedings, which speaks for themselves and are the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the request, Defendants deny the allegations.

59. The allegations in Paragraph 59 consist of Plaintiff's characterization of the Supreme Court's denial of certiorari in *Schaghticoke Tribal Nation*, 562 U.S. at 1089, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Supreme Court's denial of certiorari, Defendants deny the allegations.

60. The allegations in Paragraph 60 consist of Plaintiff's characterization of legal proceedings and the United States District Court for the District of Connecticut's decision in *United States v. 43.47 Acres of Land in the Cty. of Litchfield*, 896 F. Supp. 2d 151, 153-62 (D. Conn. 2012), which speaks for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the legal proceedings and decision referenced, Defendants deny the allegations.

61. The allegations in the first sentence of Paragraph 61 consist of Plaintiff's characterization of legal proceedings, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the procedural history, Defendants deny the allegations. The allegations in the second sentence of Paragraph 61 consist of Plaintiff's characterization of the Second Circuit Court of Appeals' decision in *Schaghticoke Tribal Nation v. Kent Sch. Corp. Inc.*, 595 F. App'x 32, 33 (2d Cir. 2014), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

62. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 62 and deny the allegations on that basis.

63. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 63 and deny the allegations on that basis.

64. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 64 and deny the allegations on that basis.

65. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 65 and deny the allegations on that basis.

66. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 66 and deny the allegations on that basis. The allegations in Paragraph 66 also consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

67. Defendants lack information sufficient to respond to the allegations contained in Paragraph 67 and deny the allegations on that basis. The allegations in Paragraph 67 also consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

68. Defendants admit the allegations in Paragraph 68.

69. Defendants admit the allegations in Paragraph 69.

70. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 70 and deny the allegations on that basis.

71. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 71 and deny the allegations on that basis.

72. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 72 and deny the allegations on that basis. The allegations in Paragraph 72

also consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 73 and deny the allegations on that basis.

74. Defendants admit the allegations in Paragraph 74.

75. The allegations in Paragraph 75 consist of Plaintiff's conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

76. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 76 and deny the allegations on that basis.

77. The allegations in Paragraph 77 consists of Plaintiff's speculation regarding the impact of future requests to re-petition under the Final Rule issued in 2025 to which no response is required. To the extent a response is required, Defendants deny the allegations. Moreover, the phrases "public threats of land claims" and "negative economic impacts" are vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

78. The allegations in Paragraph 78 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 78 also consist of Plaintiff's speculation regarding the impact of the Final Rule to which no response is required. To the extent a response is required, Defendants deny the allegations.

## II. Background of the Final Rule.

79. Defendants admit that federal acknowledgment decisions were historically made on an *ad hoc* basis. The term "sparse" is vague and ambiguous such that Defendants lack sufficient

information to formulate a response and deny the allegations on that basis, and Defendants deny the remaining allegations in Paragraph 79.

80. Defendants admit that an increase in the number of requests for acknowledgment necessitated the development of regulations implementing an administrative process for acknowledging Indian tribes and avers that the adoption of federal acknowledgment regulations in 1978 made the decision-making process more uniform. Defendants deny the remaining allegations in Paragraph 80.

81. Defendants admit that the regulations authorizing Defendants to federally acknowledge Indian tribes have been in place since 1978. Defendants deny the remaining allegations in Paragraph 81.

82. The allegations in Paragraph 82 consist of Plaintiff's characterizations of the various versions of the federal acknowledgment regulations, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with those regulations, Defendants deny the allegations.

83. Defendants admit that from 1978 to 1994, the federal acknowledgment regulations did not explicitly speak to whether re-petitioning was permitted. Defendants deny the remaining allegations in Paragraph 83.

84. Defendants admit that the regulations promulgated in 1994 included an express ban on re-petitioning. The remaining allegations in Paragraph 84 consist of Plaintiff's characterization of the 1994 federal acknowledgment regulations, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the regulations, Defendants deny the allegations.

85. The allegations in Paragraph 85 consist of Plaintiff's characterization of the Final Rule issued in 2015 and published at 80 Fed. Reg. 37862 (July 1, 2015) ("2015 Final Rule"), which speak for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2015 Final Rule, Defendants deny the allegations.

86. The allegations in Paragraph 86 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

87. The allegations in Paragraph 87 consist of Plaintiff's characterization of the 2015 Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

88. The allegations in Paragraph 88 consist of Plaintiff's characterization of the decisions issued in *Burt Lake Band of Ottawa and Chippewa Indians v. Bernhardt*, No. 17-0038, 2020 WL 1451566 (D.D.C. Mar. 25, 2020) and *Chinook Indian Nation v. Bernhardt*, No. 17-cv-05668, 2020 WL 128563 (W.D. Wash. Jan. 10, 2020), which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the decisions, Defendants deny the allegations. The allegations in Paragraph 88 also consist of Plaintiff's arguments and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 consist of Plaintiff's characterization of the decisions issued in *Burt Lake Band of Ottawa and Chippewa Indians*, 2020 WL 1451566 and *Chinook Indian Nation v*, 2020 WL 128563, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the decisions, Defendants deny the allegations.

90. The allegations in Paragraph 90 consist of Plaintiff's characterizations of the *Chinook Indian Nation*, 2020 WL 128563 decision and the 2015 Final Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the decision and the 2015 Final Rule, Defendants deny the allegations.

91. The allegations in Paragraph 91 consist of Plaintiff's characterizations of the decisions issued in *Burt Lake Band of Ottawa and Chippewa Indians*, 2020 WL 1451566 and *Chinook Indian Nation*, 2020 WL 128563, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the decisions, Defendants deny the allegations.

92. The allegations in Paragraph 92 consist of Plaintiff's characterizations of the decisions issued in *Burt Lake Band of Ottawa and Chippewa Indians*, 2020 WL 1451566 and *Chinook Indian Nation*, 2020 WL 128563, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the decisions, Defendants deny the allegations.

93. The allegations in Paragraph 93 consist of Plaintiff's characterizations of the decisions issued in *Burt Lake Band of Ottawa and Chippewa Indians*, 2020 WL 1451566 and *Chinook Indian Nation*, 2020 WL 128563, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the decisions, Defendants deny the allegations.

94. The allegations in Paragraph 94 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

95. The allegations in Paragraph 95 consist of Plaintiff's characterizations of the decision issued in *Burt Lake Band of Ottawa and Chippewa Indians*, 2020 WL 1451566, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations.

96. The allegations in Paragraph 96 consist of Plaintiff's characterizations of the procedural history in the *Chinook* case, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the case's history, Defendants deny the allegations.

97. The allegations in Paragraph 97 consist of Plaintiff's characterizations of the procedural history in the *Burt Lake* case, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the case's history, Defendants deny the allegations .

98. The allegations in Paragraph 98 consist of Plaintiff's characterizations of the procedural history in the *Chinook* and *Burt Lake* cases, which speaks for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the cases' procedural history, Defendants deny the allegations.

99. The allegations in Paragraph 99 consist of Plaintiff's characterizations of the Proposed Rule issued in 2022 and published at 87 Fed. Reg. 24908 (April 27, 2022) ("2022 Proposed Rule"), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2022 Proposed Rule, Defendants deny the allegations.

100. The allegations in Paragraph 100 consist of Plaintiff's characterizations of the 2022 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent

Plaintiff's characterizations are inconsistent with the 2022 Proposed Rule, Defendants deny the allegations.

101. The allegations in Paragraph 101 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

102. The allegations in Paragraph 102 consist of Plaintiff's characterizations of comments provided by Plaintiff and other commenters on the 2022 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

103. Defendants admit the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny listening to only federally acknowledged tribes and potential petitioners and re-petitioners. The remaining allegations in Paragraph 105 consist of Plaintiff's characterizations of the second notice of proposed rulemaking issued in 2024 and published at 89 Fed. Reg. 57097 (July 12, 2024) ("2024 Proposed Rule"), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2024 Proposed Rule, Defendants deny the allegations.

106. Defendants admit that the language in quotations in Paragraph 106 is found in the 2024 Proposed Rule but denies that it is being accurately represented in Paragraph 106. The remaining allegations in Paragraph 106 consist of Plaintiff's characterizations of the 2024 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2024 Proposed Rule, Defendants deny the allegations.

107. Defendants admit that the language in quotations in Paragraph 107 is found in the 2024 Proposed Rule, but the remaining allegations in Paragraph 107 consist of Plaintiff's characterizations of the 2024 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2024 Proposed Rule, Defendants deny the allegations.

108. Defendants admit the allegations in Paragraph 108.

109. Defendants admit that the that the language in quotations in Paragraph 109 is found in the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

110. The allegations in Paragraph 110 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 110 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

111. Paragraph 111 does not detail what scholars and courts it is referring to, or where such assertions were made, and Paragraph 111 is therefore vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 111 and deny the allegations on that basis.

112. Paragraph 112 does not detail what scholars it is referring to, or where such findings have been made, and Paragraph 112 is therefore vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 112 and deny the allegations on that basis.

113. Defendants admit the allegations in Paragraph 113.

114. The allegations in Paragraph 114 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**III. The United States Constitution gives Congress primary authority over Indian tribes.**

115. Defendants admit that the that the language in quotations in Paragraph 115 is found in Article I, Section 8, of the United States Constitution, but the remaining allegations in Paragraph 115 consist of Plaintiff's characterizations of the United States Constitution, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Constitution, Defendants deny the allegations.

116. The allegations in Paragraph 116 consist of Plaintiff's characterizations of the United States Constitution, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Constitution, Defendants deny the allegations.

117. Plaintiff's characterizations of what "Defendants have conceded in court" and what the "Defendants rely on in the Final Rule" as used in Paragraph 117 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis. Defendants deny the remaining allegations in Paragraph 117.

**IV. Defendants claim that Congress has delegated its authority to federally acknowledge Indian Tribes to the Secretary and fail to address the impact of recent United States Supreme Court precedent on the analysis.**

118. The allegations in Paragraph 118 consist of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

119. The allegations in Paragraph 119 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

120. The allegations in Paragraph 120 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

121. The allegations in Paragraph 121 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

122. The allegations in Paragraph 122 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

123. The allegations in Paragraph 123 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

124. The allegations in Paragraph 124 consist of Plaintiff's characterizations of the Final Rule, which speak for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

125. The allegations in Paragraph 125 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the comments, Defendants deny the allegations.

126. The allegations in Paragraph 126 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 126 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

127. The first and second sentences of Paragraph 127 consist of Plaintiff's characterization of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their comments. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations. The second sentence of Paragraph 127 also consists of Plaintiffs' characterizations of court decisions, including the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024), which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the court decisions, Defendants deny the allegations.

128. The allegations in Paragraph 128 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

129. The allegations in Paragraph 129 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

130. The allegations in Paragraph 130 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

131. The allegations in Paragraph 131 consist of Plaintiff's characterizations of the Final Rule and the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule and the 2024 Proposed Rule, Defendants deny the allegations.

132. The allegations in Paragraph 132 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

**V. None of the statutes Defendants rely on for their claimed authority to promulgate the Final Rule grant them authority to allow re-petitioning.**

133. The allegations in Paragraph 133 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

134. The allegations in Paragraph 134 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

135. The allegations in Paragraph 135 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 135 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

136. The allegations in Paragraph 136 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the comments, Defendants deny the allegations.

137. The allegations in Paragraph 137 consist of Plaintiff's characterizations of written comments submitted by the State of Connecticut's representatives in Congress, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the comments, Defendants deny the allegations.

138. Defendants admit that the language in quotations in Paragraph 138 is found in the Final Rule at the cited page but denies that it is being accurately represented in Paragraph 138. The remaining allegations in Paragraph 138 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

139. The allegations in the first sentence of Paragraph 139 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 139 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

140. The allegations in Paragraph 140 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

141. The allegations in Paragraph 141 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule does provide a valid legal basis for the Final Rule.

142. The allegations in the second sentence of Paragraph 142 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

143. The allegations in Paragraph 143 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

144. The allegations in Paragraph 144 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

145. The allegations in Paragraph 145 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

146. The first sentence of Paragraph 146 consists of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the comments, Defendants deny the allegations. The second sentence of Paragraph 146 consists of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

147. The allegations in Paragraph 147 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants

deny the allegations. Defendants aver that the Final Rule does provide the legal basis for the Final Rule.

148. The allegations in the first and second sentences of Paragraph 148 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegation in the third sentence of Paragraph 148 to the extent that it states the fact that the regulations in place prior to the Final Rule, as revised in 1994, prohibited unsuccessful petitioners from re-petitioning. Defendants deny the remaining allegations in the third sentence of Paragraph 148.

149. The allegations in the first sentence of Paragraph 149 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The second sentence of Paragraph 149 consists of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

150. The allegations in Paragraph 150 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

151. The allegations in Paragraph 151 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

152. The allegations in Paragraph 152 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

153. Defendants admit that Defendants issued the Reconsidered Final Determination to Decline to Acknowledge the STN in October 2005. The phrase "other final denied decisions as to the other denied petitioners" is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

154. Defendants admit the allegations in Paragraph 154.

155. The phrase "other petitions" as used in Paragraph 155 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations in Paragraph 155 on that basis.

156. The allegation in Paragraph 156 is vague and ambiguous and consist of Plaintiff's argument and characterization of the significance of a time period to which no response is required. To the extent a response is required, Defendants deny the allegation.

157. The allegation in Paragraph 157 is vague and ambiguous and consists of Plaintiff's argument and legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation.

158. The allegations in Paragraph 158 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

159. Defendants admit that the regulations, as revised in 1994 and in effect prior to the effective date of the 2015 Final Rule, prohibited re-petitioning. The allegations in the first, second, and third sentences of Paragraph 159 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the fourth sentence of Paragraph 159 consist of Plaintiff's characterizations of

the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

160. The allegations in Paragraph 160 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

161. Defendants admit that the language in quotations in Paragraph 161 is found in *Procedures for Establishing That an American Indian Group Exists as an Indian Tribe*, 59 Fed. Reg. 9280 (Feb. 25, 1994), though at 9299, not 9298. The remaining allegations in Paragraph 161 consist of Plaintiff's characterizations of the Final Rule issued in 1994, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the 1994 Final Rule, Defendants deny the allegations.

162. The allegations in Paragraph 162 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 162 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

163. The first and second sentences of Paragraph 163 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The third sentence of Paragraph 163 consists of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

164. The first and second sentences of Paragraph 164 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The third sentence of Paragraph 164 consists of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

165. The allegations in Paragraph 165 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 165 also consist of Plaintiff's request for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever. Defendants aver that the Final Rule is not unlawful and is not in excess of Defendants' statutory authority

166. The allegations in the first sentence of Paragraph 166 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 166 consist of Plaintiff's request for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever. Defendants aver that the Final Rule is not unconstitutional.

167. The allegations in Paragraph 167 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule is not arbitrary, capricious, or an abuse of discretion.

**VI. The Major Questions Doctrine, the Federalism Canon, and/or the Canon of Constitutional Avoidance further establish that the Final Rule exceeds Defendants' statutory authority and that this Court should set it aside.**

168. The allegations in Paragraph 168 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the comments, Defendants deny the allegations.

169. The allegations in Paragraph 169 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the comments, Defendants deny the allegations.

170. The allegations in Paragraph 170 consist of Plaintiff's characterizations of the Department's statements, as quoted in Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiffs' characterizations are inconsistent with the statements and comments, Defendants deny the allegations.

171. The phrases "[m]ultiple Justice and Judges" and "ability to protect their citizens and enforce the law against tribal businesses" as used in Paragraph 171 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

172. The allegations in Paragraph 172 are vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

173. The allegations in Paragraph 173 are vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

174. The allegations in Paragraph 174 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

175. The allegations in Paragraph 175 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

176. The allegations in Paragraph 176 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

177. The allegations in Paragraph 177 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

178. The allegations in Paragraph 178 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

179. The allegations in Paragraph 179 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

180. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 180 and deny the allegations on that basis.

181. Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 181 and deny the allegations on that basis.

182. The allegations in Paragraph 182 consist of Plaintiff's characterizations of a dissenting opinion to the Supreme Court decision in *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 823 (2014), which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with that dissenting opinion, Defendants deny the allegations.

183. The allegations in the first sentence of Paragraph 183 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations. Defendants lack information sufficient to respond to the allegations contained in the second sentence of Paragraph 183 and deny the allegations on that basis.

184. The allegations in Paragraph 184 consist of Plaintiff's characterizations of the Connecticut Supreme Court's decision in *Great Plains Lending, LLC v. Dep't. of Banking*, 259 A.3d 1128 (2021), which speaks for itself and is the best evidence of its contents. To the extent Plaintiffs' characterizations are inconsistent with the decision, Defendants deny the allegations.

185. The allegations in Paragraph 185 consist of Plaintiff's arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

186. The allegations in Paragraph 186 consist of Plaintiff's characterizations of alleged statements made to Defendants regarding the impacts of federal acknowledgment. Because Paragraph 186 does not detail where or when these statements were made, Defendants lack

information sufficient to formulate a response to the allegations contained in Paragraph 186 and deny the allegations on that basis.

187. Defendants deny the allegations in Paragraph 187.

188. The allegations in Paragraph 188 consist of Plaintiff's characterizations of congressional findings, as stated in the *Mashantucket Pequot Indian Claims Settlement Act*, Pub. L. No. 98-134, 97 Stat. 851, § 2(b) (1983), which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the findings, Defendants deny the allegations.

189. The allegations in Paragraph 189 consist of Plaintiff's characterizations of congressional findings, as stated in the *Mohegan Nation of Connecticut Land Claims Settlement Act of 1994*, Pub. L. No. 103-377, 108 Stat. 3501, § 2(a)(6), which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the findings, Defendants deny the allegations.

190. The allegations in the first sentence of Paragraph 190 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations. Defendants lack information sufficient to formulate a response to the remaining allegations contained in the second sentence of Paragraph 190 and deny the allegations on that basis.

191. The allegations in Paragraph 191 consist of Plaintiff's characterizations of alleged statements Plaintiff made to Defendants. Because Paragraph 191 does not detail where or when these statements were made, Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 191 and deny the allegations on that basis.

192. The allegations in Paragraph 192 consist of Plaintiff's characterizations of comments submitted by Clan Mother Shoran Waupatukuay Piper in response to the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

193. The allegations in Paragraph 193 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

194. Defendants admit that GHP may request authorization to re-petition under the Final Rule. The allegations in the second sentence of Paragraph 194 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. Defendants aver that the Final Rule identifies 34 unsuccessful petitioners as of November 9, 2024. To the extent Plaintiff's remaining allegations in the second sentence of Paragraph 194 are inconsistent with the Final Rule, Defendants deny the allegations. The third sentence of Paragraph 194 consists of characterizations of the petitioners, to which no response is required, but to the extent a response is required, Defendants deny the allegations.

195. Defendants admit that GHP, the Eastern Pequot Indians of Connecticut, STN, and the Paucatuck Eastern Pequot Indians of Connecticut are located in Connecticut. Defendants deny the remaining allegations in Paragraph 195.

196. Defendants deny the allegations in Paragraph 196. Defendants aver that trust land acquisitions are subject to an administrative process separate from the federal acknowledgement procedures, subject to its own independent review and approval.

197. The allegations in Paragraph 197 consist of Plaintiffs' legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations.

198. Because Paragraph 198 does not detail when or where Defendants have purportedly conceded that trust acquisitions have negative consequences for the impacted state and local communities, Paragraph 198 is vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 198 and deny the allegations on that basis. Defendants admit stating in the 2022 Proposed Rule that acknowledgment changes legal considerations for states and localities.

199. The phrase "earlier litigation in Connecticut" as used in Paragraph 199 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis. Defendants aver that the process for acquiring land into trust is separate and distinct from the federal acknowledgment process and subject to its own independent review and approval under applicable federal laws and regulations.

200. The allegations in the first and second sentences of Paragraph 200 consist of Plaintiff's characterizations of the revised land into trust regulations, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the regulations, Defendants deny the allegations on that basis. Defendants lack information sufficient to respond to the allegations in the third sentence of Paragraph 200 and deny the allegations on that basis. The allegations in the third sentence of Paragraph 200 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

201. The allegations in Paragraph 201 consist of Plaintiff's speculation regarding the impact of the Final Rule to which no response is required. To the extent a response is required, Defendants deny the allegations.

202. Defendants admit the allegations in the first sentence of Paragraph 202 and aver that such total encompasses acquisitions throughout the United States since 1934 when the Indian Reorganization Act was enacted. Defendants lack information sufficient to formulate a response to the allegations contained in the second sentence of Paragraph 202 and deny that allegation on that basis.

203. The allegations in Paragraph 203 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that gaming under the Indian Gaming Regulatory Act is subject to an administrative process separate from the federal acknowledgement procedures, subject to its own independent review and approval.

204. Defendants admit the allegations in Paragraph 204.

205. The allegations in Paragraph 205 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

206. Because Paragraph 206 does not detail when or where Defendants have purportedly interpreted their trust relationship with tribes in the way described in Paragraph 206, Paragraph 206 is vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 206 and deny the allegations on that basis. Moreover, the allegations in Paragraph 206 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

207. The phrase "many other consequences" as used in Paragraph 207 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

208. The allegations in Paragraph 208 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

209. The allegations in Paragraph 209 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

210. The allegations in Paragraph 210 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that Defendants do not lack the statutory authority to promulgate the Final Rule.

211. The allegations in Paragraph 211 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

212. The allegations in Paragraph 212 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

213. The allegations in Paragraph 213 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

214. The allegations in Paragraph 214 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 214 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

215. The allegations in Paragraph 215 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 215 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

216. The allegations in Paragraph 216 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 216 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

217. The allegations in Paragraph 217 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 217 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

218. The allegations in Paragraph 218 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The

allegations in Paragraph 218 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

219. The allegations in Paragraph 219 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 219 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

220. The allegations in Paragraph 220 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 220 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VII. Even if Defendants had the statutory and constitutional authority to promulgate the Final Rule, the procedure that led to the Final Rule was unlawful and the Final Rule's substance is too.

### A. The Department used a discriminatory, unconstitutional, and unlawful process leading up to the Final Rule that reflected an arbitrary and capricious unexplained reversal of policy.

#### 1. The process that led to the Final Rule discriminated in violation of law and reflected an arbitrary and capricious reversal of policy.

221. The allegations in Paragraph 221 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

222. The allegations in Paragraph 222 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

223. The allegations in Paragraph 223 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

224. The allegations in Paragraph 224 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

225. The allegations in Paragraph 225 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 225 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

226. The allegations in Paragraph 226 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 226 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

227. Defendants admit the allegation in Paragraph 227.

228. Defendants admit the allegation in Paragraph 228.

229. Defendants admit the allegation in the first sentence of Paragraph 229 to the extent that it concerns the fact that Defendants held two consultation sessions and a listening session during the rulemaking leading up to the Final Rule. Defendants deny the remaining allegations in the first sentence of Paragraph 229. Defendants admit the allegations in the second sentence of

Paragraph 229 and avers that the Defendants' rulemaking process satisfied all procedural requirements under the Administrative Procedures Act (APA).

230. The allegations in Paragraph 230 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

231. The allegations in Paragraph 231 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations. Defendants aver that senior officials in the Department's Office of the Assistant Secretary–Indian Affairs met with staff members of Connecticut's Senate delegation to discuss the rulemaking during the comment period on the 2024 Proposed Rule, after which the Connecticut delegation submitted a written comment on the Proposed Rule, and the Department extensively responded to comments submitted by the State's representatives.

232. The allegations in Paragraph 232 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. Defendants aver that the rulemaking process leading up to the Final Rule satisfied all procedural requirements under the Administrative Procedures Act.

233. The allegations in Paragraph 233 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

234. The allegations in Paragraph 234 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

235. The allegations in Paragraph 235 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

236. The allegations in Paragraph 236 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

237. The allegations in Paragraph 237 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

238. Defendants lack information sufficient to formulate a response and deny the allegations in Paragraph 238 on that basis.

239. Defendants lack information sufficient to formulate a response and deny the allegations in Paragraph 239 on that basis.

240. The allegations in Paragraph 240 consist of Plaintiff's speculation regarding the impact of meetings to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in Paragraph 240 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that senior officials in the Department's Office of the Assistant Secretary–Indian Affairs met with staff members of Connecticut's Senate delegation to discuss the rulemaking during the comment period on the 2024

Proposed Rule, after which the Connecticut delegation submitted a written comment on the Proposed Rule, and the Department extensively responded to comments submitted by the State's representatives.

241. The allegations in Paragraph 241 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

242. The allegations in Paragraph 242 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

243. The allegations in the first sentence of Paragraph 243 consist of Plaintiff's characterizations of Executive Order 13132, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Executive Order, Defendants deny the allegations. The allegations in the first and second sentence of Paragraph 243 consist of Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that Executive Order 13132 does not reference federally recognized tribes nor the Federal Government's relationship with them.

244. The allegations in Paragraph 244 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that their actions were not unconstitutional or unlawful.

245. The allegations in Paragraph 245 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that their actions were not arbitrary or capricious.

246. The allegations in Paragraph 246 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that their actions did not violate the APA.

247. The allegations in Paragraph 247 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that their actions did not violate the Equal Protection Clause of the Fifth Amendment.

**2. The Final Rule's treatment of the Regulatory Flexibility Act was arbitrary and capricious.**

248. The allegations in Paragraph 248 consist of Plaintiff's characterizations of the Regulatory Flexibility Act ("RFA"), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the RFA, Defendants deny the allegations.

249. Defendants admit that the language in quotations in Paragraph 249 is found in 5 U.S.C. § 601(5). The remaining allegations in Paragraph 249 consist of Plaintiff's characterization of the RFA, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the RFA, Defendants deny the allegations.

250. Defendants admit that the definition of "small governmental jurisdiction" in the Final Rule is consistent with the corresponding definition in the RFA. Defendants deny the remaining allegations in Paragraph 250.

251. Defendants deny that all of the language in quotations in Paragraph 251 is found in 5 U.S.C. § 601(5) and deny that all of the language in quotations in Paragraph 251 is the RFA's definition of "small organization." The remaining allegations in Paragraph 251 consist of Plaintiff's characterizations of the RFA, which speaks for itself and is the best evidence of its

contents. To the extent Plaintiff's characterizations are inconsistent with the RFA, Defendants deny the allegations.

252. Defendants admit that the definition of "small organization" in the Final Rule is consistent with the corresponding definition in the RFA, though deny that the Final Rule used a definition consistent with Paragraph 252, as that definition is inaccurate. Defendants deny the remaining allegations in Paragraph 252.

253. Defendants admit that the language in quotations in Paragraph 253 is found in 5 U.S.C. § 601(6). The remaining allegations in Paragraph 253 consist of Plaintiff's characterizations of the RFA, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the RFA, Defendants deny the allegations.

254. Defendants admit that the language in quotations in Paragraph 254 is found in 5 U.S.C. § 605(b), except insofar as that statute subsection uses the term "certification," not "assertion." The remaining allegations in Paragraph 254 consist of Plaintiff's characterizations of the RFA, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the RFA, Defendants deny the allegations.

255. The allegations in Paragraph 255 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 255 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

256. The allegations in Paragraph 256 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's

characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 256 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

257. The allegations in Paragraph 257 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 257 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

258. The allegations in Paragraph 258 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

259. The allegations in Paragraph 259 consist of Plaintiff's characterizations of the Final Rule and Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations. The allegations in Paragraph 259 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

260. The allegations in Paragraph 260 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

261. The allegations in Paragraph 261 consist of Plaintiff's characterizations of the Final Rule and Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations. The allegations in Paragraph 261 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

262. The allegations in Paragraph 262 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

263. The allegations in Paragraph 263 consist of Plaintiff's characterizations of the Final Rule and Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule and comments, Defendants deny the allegations. The allegations in Paragraph 263 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

264. The allegations in Paragraph 264 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

265. The allegations in Paragraph 265 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

266. Defendants deny the allegations in Paragraph 266.

267. The allegations in Paragraph 267 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 267 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

268. Defendants lack information sufficient to respond to the allegations contained in Paragraph 268 and deny the allegations on that basis.

269. The allegations in Paragraph 269 consist of Plaintiff's speculation regarding the cost impacts of the Final Rule, to which no response is required. To the extent a response is required, Defendants deny the allegations.

270. The allegations in Paragraph 270 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

271. The allegations in Paragraph 271 consist of Plaintiff's characterizations of the RFA certification in the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the certification, Defendants deny the allegations. The allegations in Paragraph 271 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

272. The allegations in Paragraph 272 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

273. The allegations in Paragraph 273 consist of Plaintiff's characterizations of the RFA certification in the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the certification, Defendants deny the allegations. The allegations in Paragraph 273 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

274. The allegations in Paragraph 274 consist of Plaintiff's characterizations of the RFA certification in the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the certification, Defendants deny the allegations. The allegations in Paragraph 274 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

275. The allegations in Paragraph 275 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

276. The allegations in Paragraph 276 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

277. The allegations in Paragraph 277 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

278. The allegations in Paragraph 278 consist of Plaintiff's characterizations of the RFA certification in the Final Rule, which speaks for itself and is the best evidence of its contents. To

the extent Plaintiff's characterizations are inconsistent with the certification, Defendants deny the allegations. The allegations in Paragraph 278 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

279. The allegations in Paragraph 279 consist of Plaintiff's characterizations of the RFA certification contained in the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the certification, Defendants deny the allegations. The allegations in Paragraph 279 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

280. The allegations in Paragraph 280 consist of Plaintiff's characterizations of the RFA certification contained in the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the certification, Defendants deny the allegations. The allegations in Paragraph 280 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

281. The allegations in Paragraph 281 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**3. The Final Rule's treatment of the Federalism Executive Order was unlawful and arbitrary and capricious.**

282. The allegations in Paragraph 282 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

283. Defendants admit that the language in quotations in Paragraph 283 is found in Section 1(a) of the Federalism Executive Order. The remaining allegations in Paragraph 283 consist of Plaintiff's characterizations of the Federalism Executive Order, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Federal Executive Order, Defendants deny the allegations.

284. The allegations in Paragraph 17 characterize the preamble to the 2022 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with 25 C.F.R. Part 83, Defendants deny the allegations. The allegations in Paragraph 284 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

285. The allegations in Paragraph 285 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

286. The allegations in Paragraph 286 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

287. The allegations in Paragraph 287 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

288. Defendants admit that the language in quotations in Paragraph 288 is found in the Final Rule at 3642. The remaining allegations in Paragraph 288 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny

the allegations. The allegations in Paragraph 288 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that Executive Order 13132 does not provide a basis to challenge the Final Rule under the APA.

289. The allegations in Paragraph 289 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendant avers that the Final Rule's treatment of the Federalism Executive Order was not unlawful and further aver that Executive Order 13132 does not provide a basis to challenge the Final Rule under the APA.

290. The allegations in Paragraph 290 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule's treatment of the Federalism Executive Order was not arbitrary and capricious and further aver that Executive Order 13132 does not provide a basis to challenge the Final Rule under the APA.

291. The term "[c]onsultation" as used in Paragraph 291 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis. Defendants aver that senior officials in the Department's Office of the Assistant Secretary–Indian Affairs met with staff members of Connecticut's Senate delegation to discuss the rulemaking during the comment period on the 2024 Proposed Rule, after which the Connecticut delegation submitted a written comment on the Proposed Rule, and the Department extensively responded to comments submitted by the State's representatives.

292. The terms "consult" and "appropriate state and local officials" as used in Paragraph 292 are vague and ambiguous such that Defendants lack sufficient information or knowledge to

formulate a response and deny the allegations on that basis. Defendants aver that senior officials in the Department's Office of the Assistant Secretary–Indian Affairs met with staff members of Connecticut's Senate delegation to discuss the rulemaking during the comment period on the 2024 Proposed Rule, after which the Connecticut delegation submitted a written comment on the Proposed Rule, and the Department extensively responded to comments submitted by the State's representatives.

293. The allegations in Paragraph 293 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

294. The allegations in Paragraph 294 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

295. The allegations in Paragraph 295 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 295 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations

296. The allegations in Paragraph 296 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the referenced executive order does not form a basis to challenge the Final Rule under the APA.

297. The allegations in Paragraph 297 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's

characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 297 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

298. The allegations in Paragraph 298 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule is not unlawful and that the referenced executive orders do not form a basis to challenge the Final Rule under the APA.

299. The allegations in Paragraph 299 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule is not arbitrary or capricious and that the referenced executive orders do not form a basis to challenge the Final Rule under the APA.

**B. The Final Rule is substantively unlawful.**

**1. The Final Rule fails to consider many important aspects of the problems it creates for third parties and gives short shrift to the aspects it purports to consider.**

300. The allegations in Paragraph 300 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

301. The allegations in Paragraph 301 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

302. Defendants admit that the language in quotations in Paragraph 302 is found in the Final Rule at 3635. The remaining allegations in Paragraph 302 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents.

To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

303. The allegations in Paragraph 303 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 303 also consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

304. The allegations in Paragraph 304 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

305. The allegations in Paragraph 305 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

306. Because Paragraph 306 does not detail when or where Defendants have taken the position alleged in Paragraph 306, Paragraph 306 is vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 306 and deny the allegations on that basis.

307. Because Paragraph 307 does not detail when or where Defendants have taken the position alleged in Paragraph 307, Paragraph 307 is vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in Paragraph 307 and deny the allegations on that basis. The remaining allegations in Paragraph 307 consist of Plaintiff's characterization of the Plaintiff's comments on the 2024 Proposed Rule and the Final Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's

characterization is inconsistent with the Plaintiff's comments on the 2024 Proposed Rule and the Final Rule, Defendants deny the allegations.

308. Defendants admit that the language in quotations in Paragraph 308 is found in the Final Rule at 3635, though the remainder of that quotation, which Paragraph 308 does not include, states that "affected third parties will be able to avail themselves of due process *afforded in connection with those specific issues*." (emphasis added). The remaining allegations in Paragraph 308 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

309. Because the first sentence of Paragraph 309 does not detail when or where Defendants made the arguments alleged in Paragraph 309, the first sentence of Paragraph 309 is vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in that sentence of Paragraph 309 and deny the allegations on that basis. The allegations in the second sentence of Paragraph 309 consists of Plaintiff's characterizations of comments in response to the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations. The allegations in the third sentence of Paragraph 309 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

310. Because the first sentence of Paragraph 310 does not detail when or where Defendants allegedly identified such environmental regulations, the first sentence of Paragraph 310 is vague and ambiguous, and Defendants lack information sufficient to formulate a response

to the allegations contained in that sentence and deny the allegations on that basis. The remaining allegations in Paragraph 310 consist of Plaintiff's characterization of the State's comments to the 2024 Proposed Rule and the Final Rule, which speak for themselves and are the best evidence of their respective contents. To the extent Plaintiff's characterization is inconsistent with the 2024 Proposed Rule and the Final Rule, Defendants deny the allegations.

311. The allegations in Paragraph 311 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

312. The allegations in the first sentence of Paragraph 312 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The remaining allegations in Paragraph 312 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that gaming under the Indian Gaming Regulatory Act is subject to an administrative process separate from the federal acknowledgement procedures, subject to its own independent review and approval.

313. The allegations in the first sentence of Paragraph 313 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in the second sentence of Paragraph 313 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that trust land acquisitions are subject

to an administrative process separate from the federal acknowledgement procedures, subject to its own independent review and approval.

314. Defendants admit that the language in quotations in Paragraph 314 is found in the 2022 Proposed Rule at 24914. The remaining allegations in Paragraph 314 consist of Plaintiff's characterizations of the 2022 Proposed Rule and the 2015 Rule , which speaks for themselves and are the best evidence of their respective contents. To the extent Plaintiff's characterizations are inconsistent with the 2022 Proposed Rule and 2015 Rule , Defendants deny the allegations.

315. The allegations in Paragraph 315 consist of Plaintiff's characterizations of *Chinook Indian Nation v. Bernhardt*, No. 17-cv-05668, 2020 WL 128563 (W.D. Wash. Jan. 10, 2020), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the case, Defendants deny the allegations.

316. The allegations in Paragraph 316 consist of Plaintiff's characterizations of the 2022 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Proposed Rule, Defendants deny the allegations.

317. The allegations in Paragraph 317 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 317 also consist of Plaintiff's characterizations of the Final Rule, which Defendants deny.

318. Defendants lack sufficient information or knowledge to formulate a response and deny the allegations in Paragraph 318 on that basis.

319. The allegations in Paragraph 319 consist of Plaintiff's characterizations of the 2022 Proposed Rule and Final Rule, which speak for themselves and are the best evidence of their

contents. To the extent Plaintiff's characterizations are inconsistent with the 2022 Proposed Rule or the Final Rule, Defendants deny the allegations.

320. The allegations in Paragraph 320 consist of Plaintiff's characterizations of the 2022 Proposed Rule and Final Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the 2022 Proposed Rule or the Final Rule, Defendants deny the allegations.

321. The allegations in Paragraph 321 consist of Plaintiff's characterizations of the 2022 Proposed Rule and Final Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the 2022 Proposed Rule or the Final Rule, Defendants deny the allegations.

322. The allegations in Paragraph 322 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

323. The allegations in Paragraph 323 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

324. Defendants admit that the language in quotations in Paragraph 324 is found in 97 Stat. 851, § 2(b). The allegations in the first sentence of Paragraph 324 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of Paragraph 324 consist of Plaintiff's characterizations of the *Mashantucket Pequot Indian Claims Settlement Act* and the *Mohegan Nation of Connecticut Land Claims Settlement Act of 1994*, which speak for

themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the Acts, Defendants deny the allegations.

325. Defendants admit that the language in quotations in Paragraph 325 is found in the Final Rule at 3635. The remaining allegations in Paragraph 325 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 325 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

326. The allegations in Paragraph 326 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 326 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

327. Defendants admit that the language quoted in Paragraph 327 is found in the Final Rule at 3635. The remaining allegations in Paragraph 327 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 327 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

328. The allegations in Paragraph 328 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

329. The allegations in Paragraph 329 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

330. The allegations in Paragraph 330 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 330 also consist of Plaintiff's speculation regarding the impact of a third-party consent option. To the extent a response is required, Defendants deny the allegations.

331. The allegations in Paragraph 331 consist of Plaintiff's speculation regarding the impact of a third-party consent option. To the extent a response is required, Defendants deny the allegations.

332. The allegations in Paragraph 332 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

333. Defendants admit that the language in quotations in Paragraph 333 is found in the Final Rule at 3639 and 3635. The remaining allegations in Paragraph 333 consist of Plaintiff's characterizations of the Final Rule and 2022 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule or the 2022 Proposed Rule, Defendants deny the allegations. The allegations in

Paragraph 333 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

334. The allegations in Paragraph 334 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**2. The Final Rule inexplicably reverses the Department's position to be responsive to clearly incorrect dictum in *Chinook* while ignoring that court's indisputable correct statement in the very next sentence.**

335. Defendants admit that the language in quotations in paragraph 335 is found in the Final Rule at 3635. The remaining allegations in Paragraph 335 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 335 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

336. The allegations in Paragraph 336 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

337. Defendants admit that the language in quotations in paragraph 337 is found in the Final Rule at 3635. The remaining allegations in the first sentence of Paragraph 337 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in the second sentence of Paragraph 337 consist

of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

338. Defendants admit that *Chinook Indian Nation v. Bernhardt*, No. 17-cv-05668-, 2020 WL 128563 (W.D. Wash. Jan. 10, 2020) was issued in 2020 before the publication of the 2022 Proposed Rule. Defendants deny the remaining allegations in Paragraph 338.

339. The allegations in Paragraph 339 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

340. The allegations in Paragraph 340 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

341. The allegations in Paragraph 341 consist of Plaintiff's characterizations of Plaintiff's comments on the 2022 Proposed Rule and 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

342. The allegations in Paragraph 342 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 342 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

343. The allegations in Paragraph 343 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The

allegations in Paragraph 343 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

344. The allegations in Paragraph 344 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

345. The allegations in Paragraph 345 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

346. Defendant admits that the language in citations in Paragraph 346 is found in *Chinook Indian Nation v. Bernhardt*, No. 17-cv-05668, 2020 WL 128563 (W.D. Wash. Jan. 10, 2020). The remaining allegations in Paragraph 346 consist of Plaintiff's characterizations of the *Chinook* decision, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations. The allegations in Paragraph 346 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

347. The allegations in Paragraph 347 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 347 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

348. The allegations in Paragraph 348 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

349. The allegations in Paragraph 349 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 349 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

350. The allegations in Paragraph 350 consist of Plaintiff's characterizations of the *Burt Lake* and *Chinook* proceedings, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the decisions, Defendants deny the allegations.

351. The allegations in Paragraph 351 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

352. The allegations in Paragraph 352 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

353. The allegations in Paragraph 353 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

**3. The Final Rule's procedures unlawfully discriminate in favor of unsuccessful petitioners and against the State and other third parties.**

354. Defendants admit that the purpose of the federal acknowledgment process is to determine whether a petitioner is entitled to a government-to-government relationship with the United States. Defendants deny the remaining allegations in Paragraph 354.

355. Defendants admit that only federally recognized Indian tribes are entitled to a government-to-government relationship with the United States. Defendants deny the remaining allegations in Paragraph 355.

356. Defendants admit the allegations in Paragraph 356 to the extent that a petitioner that has received a final determination denying federal acknowledgment under 25 C.F.R. Part 83 has been deemed not to be entitled to a government-to-government relationship with the United States. Defendants deny the remaining allegations in Paragraph 356.

357. The allegations in Paragraph 357 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

358. The allegations in Paragraph 358 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

359. The allegations in Paragraph 359 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

360. The allegations in Paragraph 360 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

361. The allegations in Paragraph 361 consist of Plaintiff's characterizations of comments submitted on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

362. Defendants admit that the language in quotations in Paragraph 362 is found in the Final Rule at 3640. The remaining allegations in Paragraph 362 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

363. Defendants deny the allegations in Paragraph 363.

364. The allegations in Paragraph 364 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

365. The allegations in Paragraph 365 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

366. The allegations in Paragraph 366 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

367. The allegations in Paragraph 367 consist of Plaintiff's speculation regarding the size of new documented petitions relative to re-petition requests, to which no response is required. To the extent a response is required, Defendants deny the allegations.

368. Defendants admit that certain portions of documented petitions are available to third parties under 25 C.F.R. Part 83. Defendants deny the remaining allegations in Paragraph 368.

369. Defendants deny the allegations in Paragraph 369.

370. Defendants admit that the language in quotations in Paragraph 370 is found in the Final Rule at 3635, though Paragraph 370 does not include the entirety of the sentence the quoted language is found in nor the context of that sentence. The remaining allegations in Paragraph 370 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

371. Defendants admit that the Department has a staff of trained researchers within OFA. Defendants deny the remaining allegations in Paragraph 371.

372. Defendants lack information sufficient to respond to the allegations contained in Paragraph 372 and deny the allegations on that basis.

373. The phrase "control over the timeline" as used in Paragraph 373 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

374. The phrase "control over the timeline" as used in Paragraph 374 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegations on that basis.

375. Defendants lack information sufficient to respond to the allegations contained in Paragraph 375 and deny the allegations on that basis.

376. Defendants lack information sufficient to respond to the allegations contained in Paragraph 376 and deny the allegations on that basis.

377. The allegations in Paragraph 377 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

378. Defendants admit that the language in quotations in Paragraph 378 is found in the Final Rule at 3640. The remaining allegations in Paragraph 378 consist of Plaintiff's characterizations of comments submitted on the 2024 Proposed Rule and the Final Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments or the Final Rule, Defendants deny the allegations.

379. The allegations in Paragraph 379 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

380. The phrase "currently reviewing" as used in Paragraph 380 is vague and ambiguous such that Defendants lack information sufficient to formulate a response and denying the allegations on that basis.

381. Defendants admit that the language in quotations in Paragraph 381 is found in § 83.53(c). The remaining allegations in Paragraph 381 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

382. The allegations in Paragraph 382 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

383. The allegations in Paragraph 383 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

384. The allegations in Paragraph 384 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

385. The allegations in Paragraph 385 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

386. The allegations in Paragraph 386 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

387. The allegations in Paragraph 387 consist of Plaintiff's characterizations of 25 C.F.R. § 83.8, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with 25 C.F.R. § 83.8, Defendants deny the allegations.

388. Defendants admit the allegations in Paragraph 388.

389. Defendants admit the allegations in Paragraph 389.

390. Defendants admit that they received inquiries regarding an extension of the comment deadline on STN's request to re-petition but lack information sufficient to formulate a response to the remaining allegations in Paragraph 390 and deny the allegations on that basis.

391. Defendants admit that they indicated multiple times that they were likely to grant an extension of the comment deadline on STN's request to re-petition but deny the remaining allegations in Paragraph 391.

392. Defendants admit granting an extension on April 28, 2026. Defendants deny the remaining allegations in Paragraph 392.

393. The allegations in Paragraph 393 consist of Plaintiff's characterizations of Defendants' response provided on April 28, 2026, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the response, Defendants deny the allegations. The allegations in Paragraph 393 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

394. Defendants lack information sufficient to respond to the allegations contained in Paragraph 394 and deny the allegations on that basis.

395. The allegations in Paragraph 395 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

396. The allegations in Paragraph 396 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

397. The allegations in Paragraph 397 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

398. The allegations in Paragraph 398 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

399. The allegations in Paragraph 399 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

400. Defendants admit that the language in quotations in Paragraph 400 is found in § 83.48(b), though Paragraph 400 does not include the entirety of the sentence the quoted language is found in nor the context of that sentence. The remaining allegations in Paragraph 400 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

401. Defendants lack information sufficient to respond to the allegations contained in Paragraph 401 and deny the allegations on that basis.

402. Defendants lack information sufficient to respond to the allegations contained in Paragraph 402 and deny the allegations on that basis.

403. The allegations in Paragraph 403 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

404. The allegations in Paragraph 404 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

405. The allegations in Paragraph 405 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 405 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

406. The allegations in Paragraph 406 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 406 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

407. The allegations in Paragraph 407 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

408. The allegations in Paragraph 408 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

409. The allegations in Paragraph 409 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

410. The allegations in Paragraph 410 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

411. The allegations in Paragraph 411 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

412. The allegations in Paragraph 412 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

413. The allegations in Paragraph 413 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**4. The Final Rule arbitrarily allows only one side of past acknowledgement disputes to seek to undo the past determination.**

414. The allegations in Paragraph 414 consist of Plaintiff's characterizations of Plaintiff's comments on the re-petition ban, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

415. Defendants admit that the Final Rule allows for re-petitioning in certain circumstances, as explained in the Final Rule. The remaining allegations in Paragraph 415 consist of Plaintiff's characterizations of the Final Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

416. The allegations in Paragraph 416 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

417. The allegations in Paragraph 417 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

418. The allegations in Paragraph 418 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

**5. The Final Rule's selective reliance on the Federal Rules of Civil Procedure is arbitrary and capricious.**

419. The allegations in Paragraph 419 consist of Plaintiff's characterizations of the Final Rule, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

420. The allegations in Paragraph 420 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

421. The allegations in Paragraph 421 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

422. The allegations in Paragraph 422 consist of Plaintiff's characterizations of Plaintiff's comments on the 2024 Proposed Rule, which speak for themselves and are the best

evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the comments, Defendants deny the allegations.

423. The allegations in Paragraph 423 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

424. The allegations in Paragraph 424 consist of Plaintiff's argument and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule does not violate separation of powers.

425. The allegations in Paragraph 425 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

426. The allegations in Paragraph 426 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 426 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

427. The allegations in Paragraph 427 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule is not arbitrary and capricious.

428. Defendants admit that the language in quotations in Paragraph 428 is found in the Final Rule at 3636, though Paragraph 428 does not include the entirety of the sentence the quoted language is found in nor the context of that sentence. The remaining allegations in Paragraph 428 consist of Plaintiff's characterizations of the 2014 Proposed Rule and Final Rule, which speaks for

themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the 2014 Proposed Rule and Final Rule, Defendants deny the allegations.

429. The allegations in Paragraph 429 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

430. Defendants admit that the language in quotations in Paragraph 430 is found in the Final Rule at 3636. The remaining allegations in Paragraph 430 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

431. The allegations in Paragraph 431 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

432. The allegations in Paragraph 432 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

433. The allegations in Paragraph 433 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

434. The allegations in Paragraph 434 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

435. The allegations in Paragraph 435 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

436. The allegations in Paragraph 436 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 436 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

437. The allegations in Paragraph 437 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule is not contrary to the Constitution, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.

438. The allegations in Paragraph 438 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule is not contrary to the Constitution, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law.

**6. The Final Rule's reversal regarding review of re-petitions was arbitrary and capricious.**

439. The allegations in Paragraph 439 consist of Plaintiff's characterizations of the proposed rule preceding the 2015 Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

440. Defendants admit that the language in quotations in Paragraph 440 is found in the 2014 Proposed Rule at 30767. The remaining allegations in Paragraph 440 consist of Plaintiff's

characterizations of the 2014 Proposed Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2014 Proposed Rule, Defendants deny the allegations.

441. Because Paragraph 441 does not detail when or where Defendants purportedly made the public representations alleged in Paragraph 441, Paragraph 441 is vague and ambiguous, and Defendants lack information sufficient to formulate a response to the allegations contained in that paragraph and deny the allegations on that basis.

442. Defendants admit the allegations in Paragraph 442.

443. Defendants admit that the federal acknowledgment regulations, as revised in 1994 and in effect prior to the effective date of the 2015 Final Rule, provided for a review of requests for reconsideration in the IBIA. The phrase "extensive experience" as used in Paragraph 443 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegation containing that phrase on that basis.

444. The word "many" as used in Paragraph 444 is vague and ambiguous such that Defendants lack sufficient information or knowledge to formulate a response and deny the allegation containing that phrase on that basis. Defendants admit that the IBIA was involved in prior unsuccessful attempts by petitioners to obtain federal acknowledgement, some of those petitioners might seek to re-petition under the Final Rule.

445. Defendants admit the allegations in Paragraph 445.

446. The allegations in Paragraph 446 consist of Plaintiff's characterizations of the Final Rule and 2014 Proposed Rule, which speak for themselves and are the best evidence of their respective contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule and 2014 Proposed Rule, Defendants deny the allegations.

447. Defendants admit the allegation in Paragraph 447.

448. The allegations in Paragraph 448 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 448 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

449. The allegations in Paragraph 449 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 449 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

450. The allegations in Paragraph 450 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 450 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

451. The allegations in Paragraph 451 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations. The allegations in Paragraph 451 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

452. The allegations in Paragraph 452 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**C. The Final Rule unlawfully targets Connecticut.**

453. The allegations in Paragraph 453 consist of Plaintiff's characterizations of the Final Rule and the list of unsuccessful petitioners posted on the OFA website, which speak for themselves and are the best evidence of their contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule and the list, Defendants deny the allegations. Defendants aver that the Final Rule identifies 34 unsuccessful petitioners as of November 9, 2024.

454. The allegations in Paragraph 454 consist of Plaintiff's characterizations of the list of unsuccessful petitioners posted on the OFA website, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the list, Defendants deny the allegations.

455. Defendants admit that STN, the Eastern Pequot Indians of Connecticut, the GHP, and the Paucatuck Eastern Pequot Indians of Connecticut are located in Connecticut. Defendants deny the remaining allegations in Paragraph 455.

456. Defendants admit the allegations in Paragraph 456.

457. Defendants admit the allegations in Paragraph 457.

458. The allegations in Paragraph 458 consist of Plaintiff's characterizations of the United States Census Bureau's population density ranking, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the ranking, Defendants deny the allegations.

459. The allegations in Paragraph 459 consist of Plaintiff's characterizations of the list of unsuccessful petitioners posted on the OFA website, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the list, Defendants deny the allegations.

460. Defendants admit the allegations in Paragraph 460.

461. Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 461.

462. The allegations in Paragraph 462 consist of Plaintiff's speculation regarding the impact of trust land acquisitions to which no response is required. To the extent a response is required, Defendants deny the allegations.

463. The allegations in Paragraph 463 consist of Plaintiff's speculation regarding the impacts of federal acknowledgment to which no response is required. To the extent a response is required, Defendants deny the allegations.

464. The allegations in Paragraph 464 consist of Plaintiff's speculation regarding the impacts of federal acknowledgment to which no response is required. To the extent a response is required, Defendants deny the allegations.

465. Defendants admit that the Department considered the potential impact of the Final Rule on states, including Connecticut. Defendants deny the remaining allegations in Paragraph 465.

466. The allegations in Paragraph 466 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

467. Defendants admit that the language quoted in Paragraph 467 is found in the Final Rule at 3628. The remaining allegations in Paragraph 467 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

468. The allegations in Paragraph 468 consist of Plaintiff's characterizations of the *In re Federal Acknowledgment of the Hist. E. Pequot Tribe* decision, 41 IBIA 1, 20 (May 12, 2005), which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the decision, Defendants deny the allegations. The allegations in Paragraph 468 also consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

469. The allegations in Paragraph 469 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

470. The allegations in Paragraph 470 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

471. The allegations in Paragraph 471 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

472. The allegations in Paragraph 472 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

473. The allegations in Paragraph 473 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

474. The allegations in Paragraph 474 consist of Plaintiff's characterizations of the Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the Final Rule, Defendants deny the allegations.

475. The allegations in Paragraph 475 consist of Plaintiff's characterizations of the 2015 Final Rule, which speaks for itself and is the best evidence of its contents. To the extent Plaintiff's characterizations are inconsistent with the 2015 Final Rule, Defendants deny the allegations.

476. The allegations in Paragraph 476 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the statute of limitations applicable to the 2015 Final Rule has run as any facial challenge to those regulations (as Paragraph 476 appears to reflect) is foreclosed and thus cannot be challenged in this case. To the extent Plaintiff alleges in this paragraph that the Final Rule (issued in 2025) is arbitrary and capricious, Defendants deny the allegation.

477. The allegations in Paragraph 477 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants aver that the Final Rule is not unconstitutional.

## **Claims for Relief**

### **Count 1: Excess of statutory authority in violation of 5 U.S.C. § 706(2)(C)**

478. The allegations in Paragraph 478 consists of Plaintiff's characterizations of its own pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

479. The allegations in Paragraph 479 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

480. The allegations in Paragraph 480 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 480 also consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever, and aver that the Final Rule is not unlawful.

### **Count 2: Contrary to constitutional right and power in violation of 5 U.S.C. § 706(2)(B) – Nondelegation.**

481. The allegations in Paragraph 481 consist of Plaintiff's characterizations of its own pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

482. The allegations in Paragraph 482 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

483. The allegations in Paragraph 483 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

484. The allegations in Paragraph 484 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 484 also consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever, and Defendants aver that the Final Rule is not contrary to the U.S. Constitution.

**Count 3: Contrary to constitutional right and power in violation of 5 U.S.C. § 706(2)(B) – the separation of powers and Article III**

485. The allegations in Paragraph 485 consist of Plaintiff's characterizations of its own pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

486. The allegations in Paragraph 486 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

487. The allegations in Paragraph 487 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

488. The allegations in Paragraph 488 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 488 also consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever, Defendants aver that the Final Rule is not contrary to the U.S. Constitution.

**Count 4: Contrary to constitutional right and power in violation of 5 U.S.C. § 706(2)(B) – Equal treatment**

489. The allegations in Paragraph 489 consist of Plaintiff's characterizations of its own pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

490. The allegations in Paragraph 490 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

491. The allegations in Paragraph 491 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

492. The allegations in Paragraph 492 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

493. The allegations in Paragraph 493 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

494. The allegations in Paragraph 494 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 494 also consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever, and Defendants aver that the Final Rule is not contrary to the U.S. Constitution.

**Count 5: Without observance of procedure required by law in violation of 5 U.S.C. § 706(2)(D)**

495. The allegations in Paragraph 495 consist of Plaintiff's characterizations of its own pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

496. The allegations in Paragraph 496 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

497. The allegations in Paragraph 497 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 497 also consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever, and Defendants aver that the promulgation of the Final Rule did not violate the law.

**Count 6: Arbitrary, capricious, and an abuse of discretion in violation of 5 U.S.C. § 706(2)(A)**

498. The allegations in Paragraph 498 consist of Plaintiff's characterizations of its own pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

499. The allegations in Paragraph 499 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

500. The allegations in Paragraph 500 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

501. The allegations in Paragraph 501 consist of Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in Paragraph 501 also consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever, and Defendants aver that the Final Rule is not arbitrary, capricious, or an abuse of discretion.

**Count 7: Injunction against unlawful agency action**

502. The allegations in Paragraph 502 consist of Plaintiff's characterizations of its own pleadings to which no response is required. To the extent a response is required, Defendants deny the allegations.

503. The allegations in Paragraph 503 consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

**Prayer for Relief**

Defendants deny Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

**Affirmative Defenses**

1. Plaintiff has failed to establish this Court's subject matter jurisdiction over one or more claims.
2. Plaintiff lacks standing to bring one or more claims.

3. Plaintiff has failed, for one or more reasons, to state a claim upon which relief may be granted.

4. Defendants reserve the right to assert additional defenses, including affirmative defenses, which may be revealed subsequent to this filing.

5. Plaintiff's challenge to the 2015 Final Rule is barred by the applicable statute of limitations

Dated: September 2, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Hillary Hoffman*
HILLARY HOFFMAN, Trial Attorney
MN Bar No. 0402027
Email: Hillary.Hoffman@usdoj.gov
Phone: (202) 598-3147
Fax: (303) 844-1350
MARISA J. HAZELL, Trial Attorney
CO Bar No. 54272
Email: Marisa.Hazell@usdoj.gov
Phone: (202) 532-3055
Fax: (202) 3353-11566
United States Department of Justice
Environment and Natural Resources Division
Tribal Resources Section
999 18th St., South Terr. 370
Denver, CO 80202